

**U.S. Department of Justice**
Environment and Natural Resources Division

*Environmental Defense Section*  
P.O. Box 7611  
Washington, DC 20044

*Telephone (202) 305-5105*  
*Facsimile (202) 514-8865*

July 5, 2023

<u>VIA ELECTRONIC FILING</u>

Patricia S. Connor, Clerk of the Court  
1100 East Main Street, Suite 501  
Richmond, VA 23219

      Re:   *State of West Virginia v. EPA*, No. 23-1418

Dear Ms. Connor:

      On June 30, 2023, Counsel for Petitioner informed this Court of recent orders from the Eighth and D.C. Circuits, which Petitioner contends support denial of EPA's motion to transfer the petition to the D.C. Circuit or dismiss for improper venue. *See* ECF No. 10 (Venue Motion). First, the Eighth Circuit denied EPA's motions to transfer and motion for reconsideration. Order, *Arkansas v. EPA*, No. 23-1320 (8th Cir. May 25, 2023), ECF No. 5280996 (denying motion for reconsideration); Order, *Missouri v. EPA*, No. 23-1719 (8th Cir. May 26, 2023), ECF No. 5281126 (denying motion to transfer); Order, *Union Elec. Co. v. EPA*, No. 23-1751 (8th Cir. May 26, 2023), ECF No. 5281166 (denying motion to transfer). Second, the D.C. Circuit granted a motion to hold the cases before it in abeyance, and denied EPA's motion to expedite. Order, *Utah v. EPA*, No. 23-1102 (D.C. Cir. June 27, 2023), ECF No. 2005201.

      The Eighth Circuit's unpublished, non-binding, one-sentence orders contain no explanation or analysis of the arguments EPA presented in its Venue Motion to this Court. They are not binding on this Court, or even on merits panels in the Eighth Circuit. *See, e.g.*, *McBurney v. Young*, 667 F.3d 454, 465 (4th Cir. 2012) (out-of-circuit authority not binding on this Court); *United States v. LeCraft*, 544 Fed. App'x 185, 187 (4th Cir. 2013) (unpublished dispositions not binding on this Court); *Iowa League of Cities v. EPA*, 711 F.3d 844, 854-55 n.1 (8th Cir. 2013) (court's ability to make a "final decision on jurisdiction" unaffected by rulings of prior administrative panels). Similarly, the D.C. Circuit's June 27 order—which did not rule on or even discuss venue—is not binding on this Court and does not constitute persuasive authority against EPA's Venue Motion. In opposing abatement, EPA contended the D.C. Circuit should not abate the cases unless it concluded they were properly filed elsewhere; the court did not so rule.

      EPA requests that this Court independently consider the arguments made in EPA's pending Venue Motion and Reply, and transfer the petition for review challenging the Final Rule to the D.C. Circuit (or dismiss it for improper venue).

                                                    Sincerely,

                                                    /s/ *Alex J. Hardee*  
                                                    Alex J. Hardee

cc: Counsel of Record, via CM/ECF