Case No. 23-1418

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

STATE OF WEST VIRGINIA

*Petitioner*,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,

*Respondents*.

Petition for Review of Final Agency Action of the
United States Environmental Protection Agency

**RESPONDENTS' PETITION FOR REHEARING EN BANC**

TODD KIM
Assistant Attorney General

Of Counsel:

ALEX J. HARDEE
ROSEMARY HAMBRIGHT KABAN    Environment and Natural Resources Division
DANIEL P. SCHRAMM    U.S. Department of Justice
JEANHEE HONG    P.O. Box 7611
U.S. Environmental Protection Agency    Washington, DC 20044

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................... iii

GLOSSARY.................................................................................vi

FED. R. APP. P. 35(b)(1) STATEMENT...................................................1

INTRODUCTION ..........................................................................1

LEGAL AND FACTUAL BACKGROUND ...........................................2

I.    The Clean Air Act's venue provision ................................................2

II.   Air quality standards for ozone, the Good Neighbor Provision, and State Implementation Plans ......................................................3

III.  The Disapproval...........................................................................4

IV.  Litigation....................................................................................5

SUMMARY OF ARGUMENT ................................................................8

ARGUMENT ..................................................................................10

I.    The panel's venue ruling warrants en banc review because it presents a question of exceptional importance. *See* Fed. R. App. P. 35(b)(1)(B) ..............................................................................10

     A.    The panel decision conflicts with a decision of the Tenth Circuit..............................................................................10

     B.    The panel's venue ruling is incorrect .................................11

         1.    The Disapproval is nationally applicable..................11

         2.    The Disapproval is based on a determination of nationwide scope or effect ......................................13

a.      EPA based disapproval of West Virginia's
SIP on a determination of nationwide scope ..................14

b.      EPA based disapproval of West Virginia's
SIP on a determination of nationwide effect .................15

C.    En banc reversal would resolve the existing circuit split ....................16

II.    The panel's interpretation of the "likelihood success" criterion
for a stay warrants en banc review, as it conflicts with decisions
of the Supreme Court and this Court. *See* Fed. R. App. P.
35(b)(1)(A) ................................................................................17

CONCLUSION ................................................................................18

CERTIFICATE OF COMPLIANCE ....................................................19

CERTIFICATE OF SERVICE ............................................................20

# TABLE OF AUTHORITIES

**Cases**

*ATK Launch Sys., Inc. v. EPA*,
  651 F.3d 1194 (10th Cir. 2011) ...................................................... 8, 11

*Calumet Shreveport Ref., LLC v. EPA*,
  86 F.4th 1121 (5th Cir. 2023) ................................................................17

*Di Biase v. SPX Corp.*,
  872 F.3d 224 (4th Cir. 2017) .................................................................17

*EME Homer City Gen., L.P. v. EPA*,
  795 F.3d 118 (D.C. Cir. 2015)..................................................................3

*EPA v. EME Homer City Gen., L.P.*,
  572 U.S. 489 (2014) ..........................................................................3, 16

*Hunt Ref. Co. v. EPA*,
  90 F.4th 1107 (11th Cir. 2024)...............................................................17

*Mountain Valley Pipeline, LLC v. 6.56 Acres of Land*,
  915 F.3d 197 (4th Cir. 2019)..................................................................18

*Nken v. Holder*,
  556 U.S. 418 (2009) .........................................................................8, 17

*Oklahoma ex rel. Drummond v. EPA*,
  93 F.4th 1262 (10th Cir. 2024).................................. 1, 3, 6, 8, 10, 11, 12, 13, 16

*Texas v. EPA*,
  No. 23-60069, 2023 WL 7204840 (5th Cir. May 1, 2023) ...................................6

*W. Va. Chamber of Com. v. Browner*,
  No. 98-1013, 1998 WL 827315 (4th Cir. Dec. 1, 1998) ......................................12

*West Virginia v. EPA*,
  362 F.3d 861 (D.C. Cir. 2004).................................................................4

*West Virginia v. EPA*,
  90 F.4th (4th Cir. 2024) ...................................... 1, 7, 8, 10, 11, 12, 13, 14, 15, 18

*Westar Energy, Inc. v. EPA*,
  608 F. App'x 1 (D.C. Cir. 2015) ............................................................3

*Winter v. NRDC*,
  555 U.S. 7 (2008) ...........................................................................18

**Statutes**

5 U.S.C. § 706(2) ...............................................................................13

42 U.S.C. § 7407(d)(1) .........................................................................3

42 U.S.C. § 7409(b)(1) .........................................................................3

42 U.S.C. § 7410(a) ..............................................................................3

42 U.S.C. § 7410(a)(1) .........................................................................4

42 U.S.C. § 7410(a)(2)(D) .....................................................................4

42 U.S.C. § 7410(a)(2)(D)(i) .................................................................4

42 U.S.C. § 7410(c)(1) .........................................................................6

42 U.S.C. § 7410(k) ............................................................................12

42 U.S.C. § 7410(k)(1)(B) .....................................................................4

42 U.S.C. § 7410(k)(3) .........................................................................4

42 U.S.C. § 7607(b)(1) ............................................... 1, 2, 9, 10, 13, 14

**Rules**

Fed. R. App. P. 35 ..............................................................................16

Fed. R. App. P. 35(b)(1) .......................................................................1

Fed. R. App. P. 35(b)(1)(A) ...................................................................17

Fed. R. App. P. 35(b)(1)(B) .............................................................. 8, 10

Fed. R. App. P. 35(c) ........................................................................2

**Federal Register Notices**

80 Fed. Reg. 65292 (Oct. 26, 2015).............................................3

88 Fed. Reg. 9336 (Feb. 13, 2023) ............................. 1, 5, 14, 15, 16

88 Fed. Reg. 36654 (June 5, 2023) .............................................6

88 Fed. Reg. 67102 (Sept. 29, 2023) ..........................................6

**Congressional Reports**

H.R. Rep. No. 95-294 (1977)................................... 2, 4, 13, 14

# GLOSSARY

| | |
|---|---|
| Disapproval | "Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 9336 (Feb. 13, 2023). |
| EPA | U.S. Environmental Protection Agency |
| Good Neighbor Provision | 42 U.S.C. § 7410(a)(2)(D)(i)(I). |
| NAAQS | National Ambient Air Quality Standards |
| SIP | State Implementation Plan |

# FED. R. APP. P. 35(b)(1) STATEMENT

The State of West Virginia challenges action of the Environmental Protection Agency (EPA) published at 88 Fed. Reg. 9336 (Feb. 13, 2023) (Disapproval). A divided motions panel of this Court issued a precedential opinion (reported at 90 F.4th 323) denying EPA's motion to transfer the case to the D.C. Circuit and granting a stay of EPA's action pending judicial review. Two questions merit en banc review:

1. Whether 42 U.S.C. § 7607(b)(1) gives the D.C. Circuit exclusive venue to review challenges to EPA's Disapproval.

2. Whether a petitioner has made the requisite showing for a stay when "likel[ihood] of succe[ss] on the merits" is not shown, but rather each side has stated "plausible grounds" supporting its position. 90 F.4th at 331.

## INTRODUCTION

Although interlocutory en banc review is highly unusual, it is warranted in this case. The motions panel's published decision conflicts with the statute and prior precedent on both the venue and stay issues. Indeed, there is now a recent and express split with the Tenth Circuit on venue. *Oklahoma ex rel. Drummond v. EPA*, 93 F.4th 1262 (10th Cir. 2024). And the panel's imposition of a stay pending review, based on a clear misapplication of the relevant legal standard, will undermine a critical health-protective emissions reduction program while in place.

Further, that error can only be meaningfully corrected now, as the question of a stay pending review, by definition, will be moot once the Court decides the merits. Rehearing en banc is necessary now.[1]

## LEGAL AND FACTUAL BACKGROUND

### I. The Clean Air Act's venue provision

The Clean Air Act provides that a petition for review of a "nationally applicable" final action "may be filed only in [the D.C. Circuit]." 42 U.S.C. § 7607(b)(1). Alternatively, a petition for review of a "locally or regionally applicable" final action "may be filed only in the . . . appropriate [regional] circuit." *Id.* But if that "locally or regionally applicable" action "is based on a determination of nationwide scope or effect" and if EPA, in taking that action, "finds and publishes that such action is based on such a determination," then the petition "may be filed only in the [D.C. Circuit]." *Id.* In its report on the 1977 Amendments that revised Section 7607(b)(1), Congress noted that the Administrator's determination that the "nationwide scope or effect" exception applies would be appropriate for any action that has a scope or effect beyond a "single judicial circuit." *See* H.R. Rep. No. 95-294 (1977) at 323-24.

---

[1] If the Court is concerned about the interlocutory posture, it has the option to take the entire case en banc and, if it reaches the merits, to hear them initially en banc. *See* Fed. R. App. P. 35(c).

Consistent with "the statute's purpose to centralize judicial review of nationally applicable actions in the D.C. Circuit," *Oklahoma*, 93 F.4th at 1269, prior EPA decisions on Good Neighbor State Implementation Plan (SIP) submissions have been reviewed there. To date, the D.C. Circuit is the only circuit court that has issued merits decisions on challenges to EPA's actions on Good Neighbor SIPs. *See, e.g.*, *Westar Energy, Inc. v. EPA*, 608 F. App'x 1 (D.C. Cir. 2015) (reviewing EPA's action on Kansas's Good Neighbor SIP); *EME Homer City Generation, L.P. v. EPA*, 795 F.3d 118, 132-36 (D.C. Cir. 2015) (reviewing EPA's error correction of 22 Good Neighbor SIP approvals).

## II.     Air quality standards for ozone, the Good Neighbor Provision, and State Implementation Plans

The Clean Air Act directs EPA to set National Ambient Air Quality Standards (NAAQS) for specific pollutants, including ozone, at levels necessary to protect public health. 42 U.S.C. § 7409(b)(1). EPA most recently revised the ozone standard to 70 parts per billion in 2015. 80 Fed. Reg. 65292 (Oct. 26, 2015).

After EPA revises a NAAQS, it must designate regions of the country as in "attainment" or "nonattainment" with the standards. 42 U.S.C. § 7407(d)(1). States must develop SIPs that are adequate to implement, maintain, and enforce the NAAQS within their boundaries. *Id.* § 7410(a). But because air pollutants travel with the wind, "heedless of state boundaries," emissions in upwind States can threaten a downwind State's ability to attain and maintain the NAAQS. *EPA v.*

*EME Homer City Generation, L.P.*, 572 U.S. 489, 496 (2014).[2] To prevent downwind States from bearing the costs of upwind pollution, the Act's Good Neighbor Provision requires each State's SIP to prohibit emissions that will "contribute significantly to nonattainment" or "interfere with maintenance" of the NAAQS in "any other State." 42 U.S.C. § 7410(a)(2)(D)(i).

States must submit Good Neighbor SIPs for EPA's review within three years of a NAAQS revision. *Id.* § 7410(a)(1). EPA reviews submitted SIPs for compliance with the Act, *id.* § 7410(k)(1)(B), (k)(3), and only approves SIPs that meet the Act's requirements, *id*. § 7410(k)(3).

## III. The Disapproval

West Virginia submitted a SIP which, according to West Virginia, satisfied its Good Neighbor obligations with respect to the 2015 ozone NAAQS, despite not proposing any additional emissions controls. Under the Act, EPA was obliged to independently evaluate the SIP's compliance with the Good Neighbor Provision. EPA thus had to evaluate whether pollution from West Virginia hinders the ability of "any other State" (including States in other judicial circuits) to attain the NAAQS. *See id.* § 7410(a)(2)(D); H.R. Rep. No. 95-294 at 323-24.

---

[2] The problem is particularly acute for ozone, which travels long distances. *West Virginia v. EPA*, 362 F.3d 861, 865 (D.C. Cir. 2004).

On February 13, 2023, EPA published a single final rule disapproving SIPs from West Virginia and 20 other States, none of which planned any emission reductions. Disapproval at 9338, 9343. EPA evaluated all the SIPs using nationwide modeling and a common analytical framework under which it found West Virginia's SIP would allow air pollution from the State to contribute to nonattainment and air quality maintenance issues for the 2015 ozone NAAQS in Connecticut, New York, and Ohio, and that West Virginia had not demonstrated that its contribution to air quality problems in downwind States is not significant. EPA finalized comparable findings as to 20 other States' SIPs and published its action in the Federal Register. EPA concluded the Disapproval is "nationally applicable," and published an alternative finding that it is "based on a determination of nationwide scope or effect." Disapproval at 9380-81.

## IV. Litigation

EPA directed petitioners to file challenges to the Disapproval in the D.C. Circuit. *Id.* One State, Nevada, did so, but the remaining State challengers, joined by various private parties, sued in regional circuits corresponding to States with disapproved SIPs.

To date, only one other circuit (the Tenth) has conclusively resolved the venue issue, by transferring petitions filed by Utah, Oklahoma, and private parties

to the D.C. Circuit. *Oklahoma*, 93 F.4th 1262.[3] Motions panels in three other

regional circuits have ruled, preliminarily—and in all but one circuit, over

dissents—that venue is proper in those circuits. But those unpublished rulings

remain subject to reconsideration by merits panels. *See, e.g.*, *Texas v. EPA*, No. 23-

60069, 2023 WL 7204840 (5th Cir. May 1, 2023) (with dissent); *Arkansas v. EPA*,

No. 23-1320 (8th Cir. Apr. 25, 2023); *Kentucky v. EPA*, No. 23-3216 (6th Cir. July

25, 2023) (with dissent).

After the Disapproval, in a rule known as the Good Neighbor Plan, EPA

issued Federal Implementation Plans (FIPs) for 23 States with disapproved (or

unsubmitted) SIPs, as the Act requires. 88 Fed. Reg. 36654 (June 5, 2023); 42

U.S.C. § 7410(c)(1). EPA stayed implementation of that rule with respect to States

(including West Virginia) for which the Disapproval was stayed by motions

panels. 88 Fed. Reg. 67102 (Sept. 29, 2023).[4]

Petitioners filed a petition for review in this Court and moved to stay the

Disapproval as to West Virginia pending judicial review. EPA moved to transfer

the petition to the D.C. Circuit. The motions panel held oral argument and issued a

---

[3] Utah and Oklahoma filed a petition for writ of certiorari of the *Oklahoma* opinion
on March 28, 2024.

[4] The D.C. Circuit declined to stay the Good Neighbor Plan while litigation is
pending. On February 21, 2024, the Supreme Court heard oral argument on
applications to stay the Plan.
https://www.supremecourt.gov/orders/courtorders/122023zr_bp7c.pdf.

published decision denying EPA's motion to transfer and granting West Virginia's motion to stay the Disapproval of the State's SIP submission. 90 F.4th 323. Judge Thacker dissented.

On venue, the majority collapsed into a single inquiry whether the Disapproval is "nationally applicable" and whether it is "based on a determination of nationwide scope or effect," and concluded it is neither. 90 F.4th at 328-30. The majority held, notwithstanding EPA's issuance of a single rule disapproving 21 SIPs, that "the subject of our review is the disapproval of West Virginia's SIP." *Id.* at 331. Though recognizing that even EPA's West Virginia-specific decision "focused on factual data localized to West Virginia *and* two downwind States 'linked' to West Virginia," *id.* at 328 (emphasis added), the panel reasoned that EPA's decision was "based on West Virginia's data, analysis, and conclusions," *id.* at 331, which meant EPA's "action in disapproving West Virginia's SIP was based entirely on West Virginia's particular circumstances and its analysis of those circumstances," *id.* at 329. The panel also recognized that EPA's reasons for disapproving 21 SIPs "overlapped," but it found dispositive that EPA "g[ave] a unique mixture of reasons for each rejection." *Id.* at 330.

Judge Thacker dissented and "would hold that venue only lies with the D.C. Circuit" because "this court must analyze whether the regulation itself is nationally applicable, not whether the effects complained of or the petitioner's challenge to

that regulation is nationally applicable." *Id.* at 333-35 (Thacker, J., dissenting) (quoting *ATK Launch Sys., Inc. v. EPA*, 651 F.3d 1194, 1197 (10th Cir. 2011)).

On the stay motion, the panel recited the four criteria that must be met to stay agency action pending judicial review, but did not apply the test conjunctively. *Id.* at 331-32 (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009)). The panel's entire analysis on likelihood of success on the merits was that this factor "is neutral" because "West Virginia has set forth plausible grounds in support of its petition, but so also has the EPA in support of its position." *Id.* at 331. The panel issued a stay pending judicial review. *Id.* at 332.

## SUMMARY OF ARGUMENT

There are two independent grounds to rehear the panel opinion en banc. First, the panel's venue holding presents a question of exceptional importance. It conflicts with published Tenth Circuit precedent holding that the D.C. Circuit is the proper venue for a challenge to the same agency action challenged here. *See* Fed. R. App. P. 35(b)(1)(B). As the Tenth Circuit held, the Disapproval is nationally applicable on its face. The panel's contrary holding allows for conflicting circuit court decisions on the legality of the same agency action—an outcome at odds with Congress's goal of "centraliz[ing] judicial review of nationally applicable actions in the D.C. Circuit." *See Oklahoma*, 93 F.4th at 1269.

Additionally, the panel's interpretation of the "nationwide scope or effect" provision is contrary to the plain text of 42 U.S.C. § 7607(b)(1). Even if the relevant "final action" was the disapproval of West Virginia's SIP alone, that disapproval is based on multiple determinations of "nationwide scope or effect"— i.e., legal and technical judgments regarding pollution from all the upwind States resulting in effects felt in downwind, out-of-circuit States—notwithstanding EPA's requisite consideration of information contained in West Virginia's SIP. En banc review is needed to reverse the panel's extratextual requirement that to be "based on a determination of nationwide scope or effect," a locally or regionally applicable action cannot consider *any* local circumstances, such as where emissions originate.

Second, in granting a stay, the panel decision conflicts with Supreme Court precedent holding that a stay requires a showing of likelihood of success on the merits. The panel decision made no such finding, but instead held the factor was "neutral" because each side had put forth "plausible grounds" supporting its position. 90 F.4th at 331. That is not sufficient to justify the extraordinary remedy of a stay.

# ARGUMENT

## I. The panel's venue ruling warrants en banc review because it presents a question of exceptional importance. *See* Fed. R. App. P. 35(b)(1)(B).

The panel's venue ruling "conflicts with the authoritative decision[] of [an]other United States Court[] of Appeals [to] address[] the issue." Fed. R. App. P. 35(b)(1)(B). Additionally, it interprets the "nationwide scope or effect" provision in 42 U.S.C. § 7607(b)(1) in a way that renders it meaningless.

### A. The panel decision conflicts with a decision of the Tenth Circuit.

In *Oklahoma*, the Tenth Circuit unanimously held that the D.C. Circuit has exclusive venue to review the Disapproval. That action, "[o]n its face," is nationally applicable because it spans "eight EPA regions and ten federal judicial circuits," "applied a uniform statutory interpretation and common analytical methods," and "required the agency to examine the overlapping and interwoven linkages between upwind and downwind states in a consistent manner." 93 F.4th at 1266. The panel's holding irreconcilably conflicts with *Oklahoma.*

Noting this conflict, the Tenth Circuit split from, and criticized, the panel decision. It held that the panel "strayed from § 7607(b)(1)'s text and instead applied a petition-focused approach that we and other circuits have rejected," by "improperly framing 'the relevant agency action' as 'EPA's disapproval of West Virginia's SIP'"). *Id.* at 1268-69 (quoting *West Virginia*, 90 F.4th at 330-31). The

Tenth Circuit highlighted Judge Thacker's dissent, which emphasized the majority's departure from "all relevant precedent," 90 F.4th at 335, including *ATK*, 651 F.3d at 1197. And it rejected other parts of the panel majority's analysis, such as the emphasis on State- or region-specific proposed rules, rather than the final Disapproval. *Compare Oklahoma*, 93 F.4th at 1267 (rejecting arguments that *proposed* rules decide venue; holding courts should consider only the face of the '*final* action'" (quoting 42 U.S.C. § 7607(b)(1)) (emphasis added)), *with West Virginia*, 90 F.4th at 330 (emphasizing that the Disapproval "was preceded by several proposed rules individually tailored to each affected State's SIP").

**B. The panel's venue ruling is incorrect.**

1. The Disapproval is nationally applicable.

As the Tenth Circuit and Judge Thacker have explained, whether an action is "nationally applicable" turns on "the face of the action, not its practical effects or the scope of the petitioner's challenge." *Oklahoma*, 93 F.4th at 1266. Because the Disapproval "[o]n its face" applies to 21 States, it is nationally applicable. *Id.* The panel decision "jettison[ed] the well-established analysis altogether and instead look[ed] to the nature of West Virginia's challenge to hold that the [Disapproval] is locally applicable." *Id.* at 1269 (quoting 90 F.4th at 334 (Thacker, J., dissenting)). Although the panel purported to consider "the *geographical reach* of the EPA's action," 90 F.4th at 328, it erroneously defined that reach based not on the face of

EPA's action, but instead on West Virginia's petition for review. *See* 93 F.4th at 1269.

The panel also incorrectly held that because 42 U.S.C. § 7410(k) directs EPA to act on each State's "plan" (in the singular), this means the relevant agency "action" is only the disapproval of West Virginia's SIP. 90 F.4th at 330. But as the Tenth Circuit made clear, Section 7410(k)'s direction to "act on the submission" does not prohibit combined action. *See* 93 F.4th at 1268 n.6 ("[W]hen a final action concerns states around the country and applies a common analytical method . . . then the action is nationally applicable.").[5]

As this Court recognized in *West Virginia Chamber of Commerce v. Browner*, No. 98-1013, 1998 WL 827315, at *6-7 (4th Cir. Dec. 1, 1998), an EPA rulemaking affecting a "large number of states," representing "a coordinated effort to attack a problem that ignores state boundaries," is nationally applicable. Consistent with that holding, the Tenth Circuit rejected the panel's venue decision because it is based on the "scope of the petitioner's challenge," rather than "the face of the action." 93 F.4th at 1266. The Disapproval, on its face, is nationally applicable.

---

[5] To the extent West Virginia challenges EPA's authority to act on multiple SIPs at once, that goes to the lawfulness of EPA's action and should be reviewed on the merits, not in determining the appropriate venue.

2. <u>The Disapproval is based on a determination of nationwide scope or effect.</u>

Even if the relevant final action is just EPA's disapproval of West Virginia's SIP, venue is proper in the D.C. Circuit because, as explained below, EPA based that action on multiple determinations of nationwide "scope" and "effect." *See* 42 U.S.C. § 7607(b)(1). Congress enacted the venue provision in Section 7607(b)(1) to "centralize judicial review" and avoid inconsistent rulings from different judicial circuits. *See Oklahoma*, 93 F.4th at 1269. In this context, the term "nationwide" in "nationwide scope or effect" means determinations extending "beyond a single judicial circuit." H.R. Rep. No. 95-294 at 324. As explained below, EPA made multiple "nationwide" determinations.

Of course, EPA also reviewed States' individual SIPs and supporting rationales (many of which were substantially identical), as it must to satisfy the requirements of reasoned administrative decisionmaking. *See* 5 U.S.C. § 706(2). Yet a single agency *action* can be based on multiple *determinations*, and it suffices that *one* of them be of either nationwide scope *or* effect, as long as EPA publishes it. *See* 42 U.S.C. § 7607(b)(1).

In holding otherwise, the panel stated that for a determination to be "national in scope and effect," EPA must exclusively "address[] and analyze[] circumstances common to all regions in the Nation." 90 F.4th at 328. But this analysis ignores that actions may rest on a combination of local/regional and nationwide

determinations, and it reads extraneous words into the statute. Virtually all "locally or regionally applicable actions" will be based, to some extent, on local or regional circumstances. D.C. Circuit venue turns on whether EPA's locally or regionally applicable action is "based on a determination of nationwide scope or effect," 42 U.S.C. § 7607(b)(1)—not whether it is "based *solely* on" such a determination. En banc review is needed to reverse the panel's erroneous conclusion that to warrant centralized review, a locally or regionally applicable action cannot consider any local circumstances. *See id.*; 90 F.4th at 328.

> a. <u>EPA based disapproval of West Virginia's SIP on a determination of nationwide scope.</u>

A determination that is "nationwide" extends beyond a single judicial circuit. H.R. Rep. No. 95-294 at 324. The Disapproval rested on multiple determinations of nationwide "scope."[6] EPA applied a common analytical framework to evaluate submissions of States throughout the country. *See* Disapproval at 9340-43 (describing EPA's approach to evaluating SIP submissions). EPA also made several new legal and technical determinations regarding issues that cut across the various States, which were central to EPA's rationale for disapproving the SIP submissions. *See id.* at 9361-79.

---

[6] *See* Webster's New World Dictionary 2d (1974) (defining "scope" as "range or extent of action, inquiry, [or] an activity").

For instance, EPA's determination to consider updated, 2016-based modeling applied to every disapproved State, including West Virginia. *See id.* at 9365-67. EPA also rejected States' claims that compliance with prior Good Neighbor rules discharged their obligations for the 2015 ozone NAAQS. *See id.* at 9354-60, 9376-77 (making that determination for West Virginia and eleven other States). Additionally, EPA rejected States' contentions that ozone contributions from mobile or international emissions undermined their linkages to downwind States. *See id.* at 9355-60, 9377-78 (making that determination for West Virginia and seven other States). These determinations underlying the Disapproval were of nationwide *scope* because they had a "range" or "extent" reaching beyond a single judicial district—indeed, reaching across the country.

   b. <u>EPA based disapproval of West Virginia's SIP on a determination of nationwide effect.</u>

EPA also made determinations of nationwide "effect." Evaluation of a SIP's compliance with the Good Neighbor Provision requires EPA to determine effects of emissions emanating from the subject State on air pollution (and legal compliance) in another State—often, a State in a different judicial circuit.

On its own terms, the panel decision explains that EPA disapproved West Virginia's SIP based on the extra-circuit effect—that is, the effect on ozone pollution levels in Connecticut and other States—of West Virginia's air emissions. "West Virginia's data, analysis, and conclusions," 90 F.4th at 331, were data,

analysis, and conclusions *about those extra-circuit effects. See* Disapproval at 9360 (describing West Virginia's highest-level contribution to New Haven County, Connecticut); EPA, Air Quality Modeling Final Rule Technical Support Document at C-3–C-7 (showing linkages between West Virginia and receptors in Connecticut, New York, and Ohio).[7] Indeed, the Supreme Court recognized curtailing interstate ozone transport from each State requires assessing "overlapping and interwoven linkages" among many States. *See EME Homer*, 572 U.S. at 496-97. Thus, EPA made (and published its finding of) a determination of nationwide *effect* sufficient to confer venue on the D.C. Circuit. *See* Disapproval at 9360, 9380.

### C. En banc reversal would resolve the existing circuit split.

En banc reversal would resolve the circuit split that currently exists in the SIP review context between this Court and the Tenth Circuit—the only other Court of Appeals to publish an opinion on the Clean Air Act venue provision as applied to a consolidated SIP Disapproval. Moreover, the policies behind en banc review as a mechanism to resolve circuit conflicts align with Congress's intent in the Clean Air Act to provide for consistency in review of certain decisions by "centraliz[ing]" review in the D.C. Circuit. *See Oklahoma*, 93 F.4th at 1269; Fed.

---

[7] https://www.epa.gov/system/files/documents/2023-03/AQ%20Modeling%20Final%20Rule%20TSD.pdf.

R. App. P. 35 & Advisory Committee Notes on 1998 Amendment (noting "problem[]" that when the "circuits construe the same federal law differently, parties' rights and duties depend upon where a case is litigated").

If en banc review is granted, the Court should permit focused supplemental briefing on venue, to explore each prong of the venue test and account for notable intervening circuit rulings on venue under the Clean Air Act. *Compare Hunt Refin. Co. v. EPA*, 90 F.4th 1107 (11th Cir. 2024) (holding consolidated EPA denial of petitions for small refinery exemptions was nationally applicable) *with Calumet Shreveport Refin., LLC v. EPA*, 86 F.4th 1121 (5th Cir. 2023) (holding same action was locally or regionally applicable).

## II. The panel's interpretation of the "likelihood of success" criterion for a stay warrants en banc review, as it conflicts with decisions of the Supreme Court and this Court. *See* Fed. R. App. P. 35(b)(1)(A).

To obtain the extraordinary relief of a stay, no less than a preliminary injunction, the applicant must show "that success on the merits is 'likely' rather than merely 'possible.'" *Di Biase v. SPX Corp.*, 872 F.3d 224, 235 (4th Cir. 2017). Failure to make that showing "is fatal to [the applicant's] motion." *Id.*; *see also Nken*, 556 U.S. at 434 ("It is not enough that the chance of success on the merits be 'better than negligible.'").

The majority's "plausible grounds" standard for likelihood of success on the merits resurrects the discredited "sliding scale" approach to preliminary relief

previously employed by this Court, before the Supreme Court held in *Winter v. NRDC*, 555 U.S. 7 (2008), that "a party seeking preliminary relief [must] satisfy all four prongs of the preliminary-injunction standard" independently. *See Mountain Valley Pipeline, LLC v. 6.56 Acres of Land*, 915 F.3d 197, 215 n.7 (4th Cir. 2019).

This Court can correct the panel's error only through interlocutory en banc review, as the merits panel's decision will moot the question whether a stay should have issued "pending the outcome of [the] petition for review." 90 F.4th at 325.

## CONCLUSION

The Court should grant rehearing en banc and vacate the panel decision.

Dated: March 29, 2024

Respectfully submitted,

TODD KIM
Assistant Attorney General

*/s/ Alex J. Hardee*

Of Counsel:

ROSEMARY HAMBRIGHT KABAN
DANIEL P. SCHRAMM
JEANHEE HONG
U.S. Environmental Protection Agency

ALEX J. HARDEE
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
202-305-5105
alex.hardee@usdoj.gov

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rules of Appellate Procedure 35(b)(2) and 40(b) because it contains 3,900 words, as determined by the word-count function of Microsoft Word, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word in 14-point Times New Roman.

Dated: March 29, 2024

*/s/ Alex J. Hardee*
ALEX J. HARDEE
*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I certify that on March 29, 2024, I electronically filed the foregoing petition with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Alex J. Hardee*
ALEX J. HARDEE
*Counsel for Respondents*
