IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1418

STATE OF WEST VIRGINIA,

*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

*Respondents*.

─────────────────

PETITION FOR REVIEW OF A FINAL AGENCY ACTION OF THE
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

─────────────────

**RESPONDENTS' UNOPPOSED MOTION FOR ABEYANCE**

─────────────────

ADAM R.F. GUSTAFSON
  *Acting Assistant Attorney General*

*Of Counsel*:
ROSEMARY HAMBRIGHT KABAN
DANIEL P. SCHRAMM
  *Office of General Counsel*
  *U.S. Environmental Protection*
    *Agency*
  *Washington, DC*

ALEX J. HARDEE
  *U.S. Department of Justice*
  *Environment and Natural Resources*
    *Division*
  *P.O. Box 7611*
  *Washington, DC 20044*

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin (EPA) request that the Court hold this case in abeyance for 60 days. Petitioner West Virginia does not oppose this request. Abeyance is proper for the following reasons.

1.    EPA is in the process of reconsidering the state implementation plan disapproval challenged in this case (Disapproval).[1] It is possible that EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Abeyance is the appropriate course of action to preserve the possibility of judicial review while reconsideration is in progress. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988).

2.    Courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) (recognizing that "regulatory agencies do not establish rules of conduct to last forever" and "an agency must be given able latitude to adapt their rules and policies to the demands of changing circumstances") (citation omitted). Courts routinely grant abeyance in circumstances like those presented here where a new administration seeks to

---

[1] *See* EPA Press Release (Mar. 12, 2025), https://www.epa.gov/newsreleases/trump-epa-announces-plan-work-states-sips-improve-air-quality-and-reconsider-good.

1

review prior actions. *See, e.g.*, *Wild Va. v. Council on Envtl. Quality*, 56 F.4th 281, 293 (4th Cir. 2022) (observing that holding case in abeyance pending future rulemaking could "moot additional aspects of this case"); Order and Statements, *Utah v. EPA*, No. 23-1157 (D.C. Cir. May 2, 2025), ECF No. 2114107; Order, *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017), ECF No. 1675813, (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

3. The Court's most recent Order (Dkt. 126) postponed oral argument until the Supreme Court decided the venue question. The Supreme Court decided *Oklahoma v. EPA*, 605 U.S. ---, on June 18, 2025 and held that the regional circuits are the appropriate venue for challenges to the Disapproval.

In sum, a 60-day abeyance would preserve the parties' and the Court's resources while EPA reconsiders the Disapproval. EPA will file a motion to govern further proceedings at the end of the 60-day abeyance period. EPA reserves its right to request an extension of the abeyance.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

OF COUNSEL:

*/s/ Alex J. Hardee*

ROSEMARY HAMBRIGHT KABAN    ALEX J. HARDEE
DANIEL P. SCHRAMM    U.S. Department of Justice
U.S. Environmental Protection    Environment & Natural Resources
   Agency       Division
Office of General Counsel    Environmental Defense Section
Washington, DC    P.O. Box 7611
     Washington, DC 20044
     202-514-2398
     alex.hardee@usdoj.gov

*Counsel for Respondents*

DATE: July 3, 2025

3

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Motion complies with Fed. R. App. P. 28(b) and 32(a)(7)(B), (f), and (g), as it complies with typeface requirements and contains 695 words, excluding exempted portions.

Date: July 3, 2025                    */s/ Alex J. Hardee*
                                      ALEX J. HARDEE

                                      *Counsel for Respondents*


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: July 3, 2025                    */s/ Alex J. Hardee*
                                      ALEX J. HARDEE

                                      *Counsel for Respondents*